UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAR LOYD, No. 234363,

        Petitioner,　　　　　Case No. 2:17-12577
　　　　　　　　　　　　　　　　　Hon. George Caram Steeh
  v.

THOMAS MACKIE,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Jamaar Loyd, ("Petitioner"), incarcerated at the Oaks Correctional Facility in Manistee, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated as the result of his 1993 Saginaw Circuit Court jury trial convictions of first-degree murder, armed robbery, and felony-firearm. The petition asserts three grounds for relief: (1) the trial court erroneously re-characterized Petitioner's post-conviction claims, (2) the trial court did not acquire personal jurisdiction to try Petitioner, and (3) Petitioner did not waive his jurisdictional claim.

Petitioner has filed at least one prior petition for a writ of habeas corpus challenging the convictions at issue in the present case that was denied on

the merits. See *Loyd v. Withrow*, No. 1:98-cv-10248 (E.D. Mich. January 21, 2000). The Sixth Circuit affirmed in an unpublished opinion, finding that the petition was properly denied for lack of merit. *Loyd v. Withrow*, 238 F.3d 422; 2000 U.S. App. LEXIS 29292 (6th Cir. Nov. 8, 2000).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order of authorization from the court of appeals. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals. *Id.* at 971; See also *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The current habeas petition is a successive petition within the meaning of § 2244(b)(3)(A). This Court therefore lacks jurisdiction to entertain the petition in the absence of authorization from the Sixth Circuit. § 2244(b)(3)(A).

**IT IS THEREFORE ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated: August 16, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2017, by electronic and/or ordinary mail and also on Jamaar Demond Loyd #234363, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660.

s/Barbara Radke
Deputy Clerk